UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA L. MACK, a/k/a LYNNE L. MACK ) ) ) | Case No. 08-cv-3127 |
| Plaintiff, ) ) | Hon. Judge Kennelly |
| v. ) ) | Hon. Magistrate Judge Cox |
| BARRY S. MARAM, *et al.* ) ) | |
| Defendants. ) | |

### MOTION TO DISMISS

Defendant, CAROL L. ADAMS, in her official capacity as Secretary of the Illinois Department of Human Services (DHS), by her attorney, LISA MADIGAN, Illinois Attorney General, moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

Plaintiff's Complaint fails to state a cause of action for which relief can be granted against Defendant Adams in her official capacity because the state is immune from suits for damages and the Complaint alleges no action taken by Defendant Adams in her official capacity as Secretary of DHS.

### I. STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1964-1965 (2007)(citations and quotations omitted).

## II. PLAINTIFF'S CLAIMS

### A. The State is Immune from Suit for Damages

Plaintiff has brought this suit against Defendant Adams, only in her official capacity, pursuant to 42 U.S.C.A. §1983. Defendant Adams, in her official capacity as Secretary of DHS, is immune from suit for penalties under the Eleventh Amendment to the United States Constitution.

A suit against an official in her official capacity is "only another way of pleading an action against an entity of which an officer is an agent. . ." and "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Eleventh Amendment bars awards of damages against state officials in their official capacity. See *Eddeman v. Jordan*, 415 U.S. 651, 663-667 (1974); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102-103 (1984).

Plaintiff's prayer for relief requests "penalties for unreasonable and vexatious conduct pursuant to 42 U.S.C. §1988." "[T]he Eleventh Amendment restricts the nature of the relief a plaintiff can recover in an official capacity suit. This constitutional provision protects the state from paying its own funds as damages for

2

past conduct, unless the state has waived this defense or Congress has validly overridden it." *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987)(citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). "Thus a plaintiff is typically precluded from recovering punitive damages in an official capacity suit absent a waiver such immunity by federal or state law." *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). This defense has been neither waived nor overridden. Plaintiff's prayer for penalties should therefore be dismissed with prejudice.

### B. The Complaint alleges no action taken by DHS

Taking Plaintiff's allegations as true, there is no action alleged to have been taken by DHS relevant to Plaintiff's situation. The Complaint alleges that HFS sent Plaintiff the notice of lien, HFS filed the notice of lien, HFS recorded the lien, HFS sent a letter to Plaintiff's attorney concerning the amount of the lien and HFS sent a letter to Plaintiff's attorney denying waiver or release of the lien. The only relief requested is a declaration of invalidity of the lien placed by HFS, the release of the lien on the proceeds of the sale held by ATG for HFS and the prayer for damages (discussed above).

Plaintiff has alleged no control by DHS over the placement of the lien, no ability of DHS to release the lien and no policy or procedure of DHS affecting Plaintiff's rights. Simply stated, Plaintiff has failed to state a claim upon which relief can be granted against DHS. Fed.R.Civ.P. 12(b)(6). Plaintiff's Complaint should be dismissed with prejudice as to Carol L. Adams in her official capacity.

## V. CONCLUSION

For the foregoing reasons, Plaintiff fails to state a cause of action upon which relief can be granted against Defendant Carol L. Adams in her official capacity. Plaintiff's Complaint should therefore be dismissed with prejudice.

|  |  |
|---|---|
| **LISA MADIGAN**<br>**Illinois Attorney General** | **Respectfully Submitted:**<br>**s/JAMES A. LANG**<br>**IL Bar 06211100**<br>**Assistant Attorney General**<br>**General Law Bureau**<br>**100 W Randolph St, 13th FL**<br>**Chicago IL 60601**<br>**Phone:      (312) 814-5694**<br>**Fax:          (312) 814-4425**<br>**jlang@atg.state.il.us** |

CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this July 28, 2008, upon the individuals identified below in the manner indicated.

STEVEN C. PERLIS
ELDER LAW OFFICE OF
  STEVEN C. PERLIS & ASSOC., P.C.
3345 N ARLINGTON HEIGHTS RD
STE D
ARLINGTON HEIGHTS IL 60004-1531

BY CM/ECF