**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA L. MACK (a/k/a LYNNE L. MACK)  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | No. 08 C 3127 |
| ) | |
| BARRY S. MARAM, in his official capacity  ) | Judge Kennelly |
| as Director of the Illinois Department of  ) | Magistrate Judge Cox |
| Healthcare and Family Services; and  ) | |
| CAROL L. ADAMS, in her official capacity  ) | |
| as Secretary of the Illinois Department of  ) | |
| Human Services;  ) | |
| ) | |
| Defendants.  ) | |

**DEFENDANT MARAM'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS THE PLAINTIFF'S THIRD STATEMENT OF CLAIM**

NOW COMES the Defendant, BARRY S. MARAM, in his official capacity as Director of the Illinois Department of Healthcare and Family Services, by and through his attorney, LISA MADIGAN, Attorney General for the State of Illinois, and hereby submits this memorandum of law in support of his Motion to Dismiss the Third Statement of Claim contained in the Plaintiff's Complaint, stating as follows:

**I.   INTRODUCTION AND BACKGROUND:**

Title XIX of the Social Security Act, commonly known as the Medicaid Act, establishes a program in which the federal government reimburses states participating in the program for a portion of the costs incurred by those states in providing certain medical services to needy individuals. 42 U.S.C. § 1396 *et seq.* ; *Schweiker v. Gray Panthers*, 452 U.S. 34, 36, 101 S. Ct. 2633, 2636 (1981). Congress enacted this legislation for the purpose of providing federal financial assistance to states that choose to reimburse certain costs of medical treatment for

needy persons. *Harris v. McRae*, 448 U.S. 297, 301, 100 S. Ct. 2671, 2680 (1980). Illinois has elected to participate in the Medicaid program and the Illinois Department of Healthcare and Family Services ("HFS") is responsible for administering the program. 305 ILCS 5/5-1 *et seq.* Defendant Barry Maram, named in his official capacity, is the Director of HFS. (Compl. ¶ 12).

Under Title XIX, medical assistance payments are made to providers of goods or services to eligible recipients. 42 U.S.C. § 1396d(a). Since Congress defines "assistance" in terms of financial assistance rather than actual medical services, Medicaid is a payment scheme, not a scheme for state-provided medical assistance. *Bruggeman v. Blagojevich*, 324 F.3d 906, 910 (7th Cir. 2003). The federal government shares the costs of Medicaid with states that elect to participate in the program and, in return, the participating states must comply with the requirements imposed by the Medicaid Act and by the Secretary of the United States Department of Health and Human Services, (hereinafter "HHS"). *Atkins v. Rivera*, 477 U.S. 154, 156-57, 106 S. Ct. 2456, 2458 (1986).

Under Title XIX, HFS is permitted to place a lien against the property of an individual for medical assistance rendered to the individual. *See* 42 U.S.C. § 1396p(a). The Plaintiff alleges that she is a Medicaid recipient who has been living at a nursing facility since April of 2005. *See* Compl. ¶¶ 18-19. The Plaintiff also alleges she owned a home at 1653 Tahoe Circle Drive in Wheeling, Illinois. *See* Compl. ¶ 11. On September 29, 2006, HFS sent the Plaintiff a "Notification of Intent to File a Lien" on real property owned by the Plaintiff. *See* Compl., Ex. 2. On October 30, 2006, HFS filed a "Notice and Claim of Lien" with the Cook County Recorder of Deeds on the Plaintiff's real property, located at 1653 Tahoe in Wheeling, Illinois. *See* Compl., Ex. 3. The Plaintiff alleges that the real property, located at 1653 Tahoe in Wheeling, Illinois, was sold at a residential closing. *See* Compl. ¶¶ 34, 36. The Plaintiff further

alleges that $35,000 from the real estate sale proceeds have been held in escrow due to HFS's lien. *See* Compl. ¶¶ 4, 5.

The Plaintiff purports to bring the present action for a declaration that HFS's lien is and was invalid. *See* Compl. ¶ 7. The Plaintiff alleges that federal jurisdiction is proper under 28 U.S.C. § 1331 and that her action "arises under" 42 U.S.C. § 1396p, the Fourteenth Amendment, and 42 U.S.C §§ 1983 and 1988. *See* Compl. ¶ 9. The "Verified Complaint" purports to state three claims for relief: (1) violations of 42 U.S.C. § 1396p(a)(1)(B)(ii) and 42 C.F.R. §§ 433.36(d) and 433.3(g)(2)(ii) [sic]; (2) a violation of the Plaintiff's "right to procedural due process under the Due Process Clause of the Fourteenth (14th) Amendment of the United States Constitution;" and (3) a violation of the Plaintiff's "right to procedural due process under the Due Process Clause of the Illinois State Constitution." *See* Compl. ¶¶ 43, 45, 47.

Defendant Maram brings this motion to dismiss the Plaintiff's "Third Statement of Claim," which seeks relief based on a purported violation of the Plaintiff's "right to procedural due process under the Due Process Clause of the Illinois State Constitution," pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Maram seeks dismissal of the Plaintiff's claimed violation of the Due Process Clause of the Illinois Constitution of 1970 because (1) due to the Eleventh Amendment to the United States Constitution, this Court lacks subject matter jurisdiction over the Plaintiff's State Constitutional claim; and (2) to the extent the Plaintiff seeks vindication of a purported right under the Illinois Constitution of 1970 pursuant to 42 U.S.C. § 1983, the Plaintiff fails to state a claim upon which relief can be granted.

**II.    THE PLAINTIFF'S THIRD STATEMENT OF CLAIM MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S STATE CONSTITUTIONAL CLAIM DUE TO THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

Subject-matter jurisdiction is concerned with the kinds of cases the federal courts are empowered to decide. *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997), *citing U.S. v. Morton*, 467 U.S. 822, 828, 104 S. Ct. 2769, 2773 (1984). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a party raises subject-matter jurisdiction as one of several grounds for dismissal, the court must first consider the Rule 12(b)(1) motion because dismissal under this rule renders all other motions for dismissal moot. *Coker v. Transworld Airlines, Inc.*, 957 F. Supp. 158, 161 (N.D. Ill. 1997). In ruling on a motion under Rule 12(b)(1), the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). Nevertheless, a court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction. *Id*.

The Plaintiff wants this Court to declare HFS's lien against her real property invalid based, *inter alia*, on the Due Process Clause of the Illinois Constitution of 1970. *See* ILL. CONST. (1970) art. I, § 2; Compl, ¶ 47. The Eleventh Amendment to the United States Constitution stands for the constitutional principle that state sovereign immunity limits federal court jurisdiction under Article III. U.S. CONST. amend. XI; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 64 (1996). It is well-settled that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984); *see also Bates v. Johnson*, 901 F.2d 1424, 1428 (7th Cir. 1990) (under *Pennhurst*, a

4

federal court lacks subject-matter jurisdiction to compel a state agency to adhere to state law). The Eleventh Amendment applies even though a state-law claim is made against a state official for prospective relief because a federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. *See Pennhurst*, 465 U.S. at 104-106. According to the Supreme Court, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. *Id*. at 106.

To the extent the Plaintiff alleges that Defendant Maram, acting in his official capacity as Director of HFS, violated purported rights under the Illinois Constitution of 1970, the Plaintiff has raised a state-law claim against a state official that seeks to invalidate HFS's lien on Plaintiff's real property. The Eleventh Amendment prohibits this Court from granting such relief against the State based on state law. Consequently, this Court is without subject-matter jurisdiction to consider the Plaintiff's "Third Statement of Claim" and it is properly dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**III.   THE PLAINTIFF'S THIRD STATEMENT OF CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE PLAINTIFF CANNOT USE SECTION 1983 TO ASSERT A VIOLATION OF THE ILLINOIS CONSTITUTION OF 1970.**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint—not the factual sufficiency. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). In ruling on a motion to dismiss raised under 12(b)(6), all well-pleaded facts are accepted as true and are construed in favor of the plaintiff; however, a court is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58. (7th Cir. 2002).

The sole basis for jurisdiction articulated in the Plaintiff's "Verified Complaint" is that of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Compl. ¶ 9. The Plaintiff fails to articulate exactly how her state-law claim in her "Third Statement of Claim" is a federal question[1] or otherwise "arises under" federal law. Plaintiff claims that her cause of action arises under (1) the Medicaid statute, (2) the Fourteenth Amendment, and (3) Section 1983. *See* Compl. ¶ 9. Although not explicitly stated, Defendant Maram is left to deduce that the Plaintiff asserts that her "Third Statement of Claim" for a purported violation of the Illinois Constitution of 1970 somehow "arises under" Section 1983. However, Section 1983, by itself, does not protect anybody against anything—indeed, one cannot go into federal court and claim a "violation of Section 1983." *See Gonzaga University v. Doe*, 536 U.S. 287, 285 (2002). The Plaintiff's state constitutional claim is not converted into a federal question, "arising under the Constitution, laws or treaties of the United States," merely because she purports to utilize the vehicle of Section 1983.

The Supreme Court recognized that "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' *of the United States*. *Gonzaga*, 536 U.S. at 285 (emphasis added). Section 1983 creates a cause of action for only the violation of *federal* rights. *Ream v. Handley*, 359 F.2d 728, 731 (7th Cir. 1966) (emphasis added). It is axiomatic that transgression of the protection of a state constitution may not form the basis of a Section 1983 claim. *Magnuson v. Cassarella*, 812 F. Supp. 824, 830 n.5 (N.D. Ill. 1992). Thus, the Plaintiff cannot use Section 1983 as a vehicle to redress her state-law claims contained in the "Third Statement of Claim."

---

[1] This Court would not have supplemental jurisdiction (28 U.S.C. § 1367) over the Plaintiff's state-law claims due to the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-21 (1984) (the Eleventh Amendment's constitutional bar applies to supplemental state claims as well).

Consequently, the Plaintiff's Third Statement of Claim is properly dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant Maram respectfully requests this honorable Court dismiss the Plaintiff's Third Statement of Claim with prejudice pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

                                              Respectfully submitted,

| | |
|---|---|
| JOHN E. HUSTON* | LISA MADIGAN |
| CHRISTOPHER S. GANGE | Attorney General |
| Assistant Attorneys General | State of Illinois |
| 160 N. LaSalle Street, Suite N-1000 | |
| Chicago, Illinois 60601 | By: /s/ *John E. Huston* |
| Telephone: (312) 793-2380 | ASSISTANT ATTORNEY GENERAL |

DATED: July 30, 2008

*Corey Wise, a second-year law student at Northwestern University, assisted in the research for and preparation of this memorandum of law.