## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA L. MACK (a/k/a LYNNE L. MACK) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3127 |
| | ) | |
| BARRY S. MARAM, in his official capacity | ) | Judge Kennelly |
| as Director of the Illinois Department of | ) | Magistrate Judge Cox |
| Healthcare and Family Services; and | ) | |
| CAROL L. ADAMS, in her official capacity | ) | |
| as Secretary of the Illinois Department of | ) | |
| Human Services; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MARAM'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Defendant BARRY S. MARAM, Director of the Illinois Department of Healthcare and Family Services, in his official capacity only, by his attorney, LISA MADIGAN, Attorney General of Illinois, and Answers Plaintiff's Verified Complaint as follows:

## INTRODUCTION

1. Linda L. Mack, a/k/a Lynne L. Mack, (hereinafter "Ms. Mack") is currently an inpatient resident at Brentwood North Nursing and Rehab, 3705 Deerfield Road, Riverwoods, IL 60015 (hereinafter "the nursing home"). She at all times prior to its sale on November 29, 2006 was the owner of 1653 Tahoe Circle Drive, Wheeling, IL 60090 (hereinafter "Ms. Mack's home").

**DEFENDANT MARAM'S ANSWER**

Defendant admits the first sentence of Paragraph 1. Defendant admits that Ms. Mack owned the property at 1653 Tahoe Circle Drive, Wheeling, IL 60090 immediately

prior to its sale on November 29, 2006.    Defendant lacks knowledge or information sufficient to form a belief about whether Ms. Mack was the owner "at all times prior to its sale."

2.    Ms. Mack is bringing this action against Barry S. Maram (hereinafter "Maram"), in his official capacity as Director of the Illinois Department of Healthcare and Family Services (hereinafter "HFS") and against Carol L. Adams, (hereinafter "Adams") in her official capacity as Secretary of the Illinois Department of Human Services (hereinafter "DHS").

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Plaintiff purports to bring this action against him in his official capacity, but denies that Plaintiff is entitled to any relief against him. Defendant Maram lacks knowledge or information sufficient to form a belief about whether this action is brought against Carol L. Adams in her official capacity as the Secretary of the Illinois Department of Human Services.

3.    Maram placed a lien on Ms. Mack's home without proper notice and opportunity to be heard on the issue of whether Ms. Mack could "reasonably be expected to be discharged from the nursing home and to return home."    42 U.S.C. §1396p(a)(1)(b)(ii).

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that HFS placed a lien on Ms. Mack's home and denies the remainder of the allegations and conclusions of law of Paragraph 3.

4.  On November 29, 2006, Ms. Mack signed and Attorney's Title Guaranty Fund, Inc. (hereinafter "ATG") accepted the "Personal Undertaking With Title Indemnity

Deposit Agreement" (hereinafter "the TI Agreement") No. OMC 060600900087. A copy of the TI Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the first sentence of Paragraph 4 pertaining to Ms. Mack's signature on the TI Agreement. Defendant Maram admits that the TI Agreement attached as Exhibit 1 purports to be that agreement, but lacks knowledge or information sufficient to form a belief as the whether that document is the actual, complete document.

5. Pursuant to the TI Agreement, the amount of $35,000.00 (hereinafter "the TI deposit") was withheld from Ms. Mack's sale proceeds and held in the TI escrow by ATG to indemnify ATG for the "St(ate) of Ill(inois) Dep(artment) of Healthcare & Family Services (lien)" (parenthetical insertions added).

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations of Paragraph 5.

6. The funds in the TI escrow are therefore not available or accessible to Ms. Mack.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that the TI Agreement states that the deposit "shall be under the absolute control of ATG to indemnify ATG as provided in this agreement" but denies the legal conclusions of Paragraph 6.

7. Ms. Mack brings this action for a declaration by this Court that Maram's lien on Ms. Mack's home is and was invalid, and other relief.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Ms. Mack purports to bring this action for a declaratory judgment, but Defendant Maram denies the legal conclusions of Paragraph 7 and denies that Ms. Mack is entitled to any relief.

8. No proceeding on this issue is pending before the Cook County Circuit Court or in any other state or federal court or administrative agency.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 8.

<u>**JURISDICTION**</u>

9. This Court has jurisdiction of this action under 28 U.S.C. §1331, and this action arises under the federal Medicaid statute (42 U.S.C. §1396p), under the 14th Amendment of the United States Constitution, and 42 U.S.C. §§1983 and 1988.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the legal conclusions as to jurisdiction under 28 U.S.C. §1331 as to the Plaintiff's first and second statements of claim, denies that the Court has jurisdiction over Plaintiff's third statement of claim, and admits the legal conclusions that this action arises under 42 U.S.C. §1396p and under the 14th Amendment of the United States Constitution as to Plaintiff's first and second statements of claims, denies that Plaintiff's third statement of claim arises under federal law, and denies the allegations and conclusions of law that this action arises under 42 U.S.C. §§1983 and 1988.

## VENUE

10.   Defendants Maram and Adams have offices and do business in Chicago, Cook County, Illinois, and therefore venue in this judicial district is proper under 28 U.S.C. §§1391(b)(1) and 139(b)(2). [sic]

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations and conclusions as to venue in Paragraph 10.

## THE PARTIES

11.   Ms. Mack, at all relevant times in this action owned, occupied, and/or has intended to return to her home at 1653 Tahoe Circle Drive, in Wheeling, Cook County, Illinois (hereinafter "Ms. Mack's home"), and since its sale has resided at the nursing home.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that since the sale of Ms. Mack's home, she has resided at the nursing home, and denies the remaining allegations of Paragraph 11.

12.   Defendant Maram is Director of HFS, which has one of its principal offices in Chicago, Cook County, Illinois, within the Northern District of Illinois Eastern Division.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that he has an office in Chicago, Illinois, within the Northern District of Illinois-Eastern Division and denies the characterization that it is a principal office.

13.   As Director, he is responsible for supervising the activities of HFS, including management of the Medicaid program once eligibility has been determined.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations in Paragraph 13.

14.   Defendant Adams is Secretary of DHS, which has one of its principal offices in Chicago, Cook County, Illinois, within the Northern District of Illinois Eastern Division.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Secretary Adams has an office in Chicago, Illinois, within the Northern District of Illinois-Eastern Division and denies the characterization that it is a principal office.

15.   As Secretary, Adams is responsible for supervising the activities of DHS, including its determination of eligibility for the Medicaid program, and appeals of Medicaid denials.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Secretary Adams is responsible for supervising the activities of DHS, and denies the remaining allegations of Paragraph 15 as vague.

16.   Attorney's Title Guaranty Fund, Inc, (hereinafter "ATG"), is not a party to this action, and is an Illinois domestic corporation.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations in Paragraph 16.

## FACTS

17.  Ms. Mack is 59 years of age.  She is permanently disabled from right side paralysis and she is confined to a wheelchair.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of the first sentence of Paragraph 17. Defendant Maram admits the Plaintiff is disabled, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and conclusions of the second sentence of Paragraph 17.

18.  Ms. Mack is a recipient of Medicaid under HFS Case Number 93-057-090756.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of Paragraph 18.

19.  Ms. Mack has been a resident of Brentwood North Nursing & Rehab, 3705 Deerfield Road, Riverwoods, IL  60025 (hereinafter "the nursing home") moreorless [sic] continuously since April of 2005.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations of Paragraph 19 as to Ms. Mack's residence in Brentwood North Nursing & Rehab, but lacks knowledge or information sufficient to from a belief as to whether Ms. Mack has resided there "moreorless [sic] continuously since April, 2005," but admits that she has resided at the nursing home since February, 2006.

20.  Ms. Mack repeatedly has expressed a desire to return to her aforesaid home.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram is without knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 20.

21.   Ms. Mack asserts that her efforts to return to her home have been delayed or prevented by her need for a medical van to transport her to physical therapy offsite from the location of the nursing home, and by defendant Maram's failure, refusal, or inability to provide Ms. Mack with this offsite therapy.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies each and every one of the Plaintiff's allegations in Paragraph 21.

22.   In addition, Ms. Mack's ability to return to her home has been delayed or prevented by defendant Maram's failure, refusal or inability to provide Ms. Mack with a motorized wheelchair.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegations of Paragraph 22.

23.   On September 29, 2006, the HFS local office in Lake County (Park City), Illinois (hereinafter "HFS office") sent to Ms. Mack a "Notification of Intent to File a Lien" (hereinafter "HFS Notice").  A copy of the HFS notice is attached hereto as Exhibit 2 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of the first sentence that, on September 29, 2006, HFS sent a Notification of Intent to File a Lien, dated 9/29/06 to Ms. Mack, but

denies that said Notification was sent by the "HFS local office in Lake County (Park City), Illinois." Defendant admits the second sentence of Paragraph 23.

24. The HFS notice stated, in part, that under 305 ILCS §§5/3-10 and/or 5-13.5 that Defendant Maram had the <u>right</u> (emphasis added) to place a lien on Ms. Mack's home.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the issuance of the notice, but denies that the Plaintiff has correctly quoted the notice.

25. Upon information and belief, on or about September 29, 2006 the HFS office sent to Ms. Mack by First Class United States Mail, said HFS notice.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of Paragraph 25.

26. The HFS notice also states, in part that: ". . . Because you have lived in a medical institution for at least 120 days, we presume you cannot reasonably be expected to be discharged and return home. Consequently, we intend to file a lien against your real property."

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Plaintiff has accurately quoted a portion of the Notification, identified as Exhibit 2, but avers that Exhibit 2 has other provisions.

27. On October 31, 2006, the HFS office filed a "Notice and Claim of Lien" (hereinafter "lien") against Ms. Mack's home.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of Paragraph 27.

28.  This lien was recorded with the Recorder of Deeds in Lake County, Illinois, as document number 0630418095.  The lien is attached hereto as Exhibit 3 and is incorporated herein by reference [sic]

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that the lien was recorded as document number 0630418095, but denies that the lien was recorded in Lake County, Illinois, because Complaint Exhibit 3 was recorded in Cook County, Illinois.

29.  An undated "Notification of Lien" (hereinafter "lien notification") appears to have been mailed to Ms. Mack on or around the time of the recording of the lien or shortly afterward.  The lien notification is attached hereto as Exhibit 4 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of Paragraph 29.

30.  On November 29, 2006, a letter appears to have been sent by Steve Bozee, Field Consultant, Liens and Estate Unit at the Local HFS office (hereinafter "Bozee letter"), to one of Ms. Mack's attorney [sic], Steven C. Perlis.  The Bozee letter stated that "the actual amount of cash and/or medical assistance issued to Lynne Mack during the period from February 2006 through 11/29/2006 is $22,861.26.  Upon payment of the above to the Illinois Department of Healthcare and Family Services, a release will be issued for all liens the Department has filed against the property for the client, namely Document(s) 0603418095". [sic]  The Bozee letter is attached hereto as Exhibit 5 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of the first sentence of Paragraph 30. Defendant Maram admits that that Plaintiff has accurately quoted selected portions of Exhibit 5 in the second and third sentences of Paragraph 30. Defendant Maram admits the fourth sentence of Paragraph 30.

31.   On January 5, 2007, HFS Assistant General Counsel Daniel Leikvold (hereinafter "Leikvold") wrote to attorney Perlis, and stated "I discussed this matter with the Bureau of Collections, which handles liens for the Department. We agree that there is no basis for the Department to waive or release its lien in this case". [sic]  Leikvold's letter to attorney Perlis is attached hereto as Exhibit 6 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegations of Paragraph 31.

32.   Illinois Public Aid Code §3-10 [305 ILCS 5/3-10] provides, in part, that the Medicaid agency may impose a lien on the legal or equitable interests of recipients in real property, under certain terms and conditions, and in respect to which interests a notice of lien has been recorded or filed as provided in Sections 3-10.2 and 3-10.3 of the Public Aid Code.  A copy of Section 3-10 of the Public Aid Code is attached hereto as Exhibit 7 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies that the Plaintiff has accurately quoted the portion of the Public Aid Code and denies the legal conclusions of Paragraph 32.

33.  Illinois Public Aid Code §5-13.5 [305 ILCS 5/5-13.5] provides, in part, as follows:

> "Sec. 5-13.5.  Lien on real property interests.  The State shall have a lien on all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron, and other underground mineral resources, for medical assistance paid under this Article and for payments made to preserve the lien, **to the extent those liens are allowed under the federal Social Security Act.**  (emphasis added). . ."

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Plaintiff has quoted a portion of the statute and denies the remaining allegations and conclusions of Paragraph 33.

34.  On November 29, 2006, Ms. Mack's home was sold at a residential closing. The closing statement from said sale is attached hereto as Exhibit 8 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of the first sentence of Paragraph 34. Defendant Maram admits Plaintiff has attached Ex. 8 to her complaint, but is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit 8.

35.  The closing statement contains a handwritten note on the bottom that Ms. Mack's proceeds are "less $35,000 TI escrow and $150 title costs."

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that the closing statement contains a handwritten notation, but is without knowledge or information sufficient to form a belief as to the truth of the notation as alleged in Paragraph 35.

36.  Also on November 29, 2008 a "Settlement Statement" was executed between Ms. Mack, as Seller, and Michael A. Mollerdino and Kimberly H. Mack, as Borrowers, with ATG providing a Settlement Agent Certification on said Settlement Statement.  A copy of the Settlement Statement is attached hereto as Exhibit 9 and is incorporated herein by reference.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that a fax of a document with a partial title including the word "statement" is attached as Exhibit 9 to her complaint, but Defendant Maram is without knowledge of information sufficient to form a belief as to the authenticity of Exhibit 9, and the truth of the allegations of the first and second sentences of Paragraph 36.

## STATUTORY AND REGULATORY BACKGROUND

37.  42 U.S.C. §1396p(a)(1) provides that prior to the death of an individual who is an inpatient in a nursing home, a lien may be imposed on the real property of that individual, on account of Medicaid paid or to be paid on the individual's behalf, only after the state determines "after notice and opportunity for a hearing (in accordance with procedures established by the State), that [the individual] cannot reasonably be expected to be discharged from the [nursing home] and to return home."   42 U.S.C. §1396p(a)(1)(B)(ii).

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Plaintiff has selectively quoted a portion of 42 U.S.C. §1396(p)(a)(1), but denies any legal conclusions from pleading that statute, and denies that 42 U.S.C. §1396(p)(a)(1) entitles Plaintiff to any relief.

38.  42 C.F.R. §433.36(g)(2)(ii) provides that the Medicaid agency may impose a lien on the real property of an individual who is an inpatient in a nursing home on account of the Medicaid paid on the individual's behalf only if "[t]he [Medicaid] agency determines that he or she cannot reasonably be expected to be discharged and return home.  The agency must notify the individual of its intention to make that determination and provide an opportunity for a hearing in accordance with State established procedures **before the determination is made** (emphasis added).  This notice to an individual must include an explanation of liens and the effect on an individual's ownership of property."

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits that Plaintiff has selectively quoted portions of 42 C.F.R. §433.36(g)(2)(ii), but denies any legal conclusions from pleading that regulation, and denies that 42 C.F.R. §433.36(g)(2)(ii) entitles Plaintiff to any relief.

39.  The Illinois State Medicaid Plan (hereinafter "State Plan") has been submitted to the federal Center for Medicare and Medicaid Services (hereinafter "CMS").

**DEFENDANT MARAM'S ANSWER**

Defendant Maram admits the allegation of Paragraph 39.

40.  Said State Plan does not contain any reference, per se, to a procedure in which institutionalized individuals are given notice that Defendant HFS intends to make a determination as to whether such individuals can reasonably be expected to be discharged and return home.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegations of Paragraph 40.

41.  Likewise, said State Plan does not contain any reference to a procedure for a hearing prior to such a determination.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegations and conclusions of Paragraph 41.

42.  Rather said State Plan only provides for a general notification, on the back page of the HFS notice attached hereto as Exhibit 2, and which states as follows:

"YOU HAVE THE RIGHT TO APPEAL THIS DECISION

At any time within 60 days following the "Date of Notice" which appears on the front of this form, you have the right to appeal this decision and be given a fair hearing. . . . .". [sic]

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegation and conclusions of Paragraph 42.

## FIRST STATEMENT OF CLAIM

43.  By virtue of the foregoing, Ms. Mack alleges that Defendants Maram and Adams have violated and are violating 42 U.S.C. §1396p(a)(1)(B)(ii), as well as 42 C.F.R. §§433.36(d) and 433.3(g)(2)(ii).

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegations and legal conclusions of Paragraph 43.

## SECOND STATEMENT OF CLAIM

44.  Ms. Mack repeats and realleges each and every allegation set for forth in Paragraphs 1 through 43 above as though fully set forth herein.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram realleges each and every answer set forth in Paragraphs 1-43 above as though fully set forth here.

45. By virtue of the foregoing, Defendants Maram and Adams have violated and are violating Ms. Mack's right to procedural due process under the Due Process Clause of the Fourteenth (14th) amendment of the United States Constitution.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies the allegations and legal conclusions of Paragraph 45.

## THIRD STATEMENT OF CLAIM

46. Ms. Mack repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 above as though fully set forth herein.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram realleges each and every answer set forth in Paragraphs 1-45 above as though fully set forth here.

47. By virtue of the foregoing, Defendants Maram and Adams have violated and are violating Ms. Mack's right to procedural due process under the Due Process Clause of the Illinois State Constitution.

**DEFENDANT MARAM'S ANSWER**

Defendant Maram denies that the Court has jurisdiction to hear this claim and incorporates by reference his Motion to Dismiss Plaintiff's Third Statement of Claim.

**WHEREFORE,** Plaintiff, Linda L. Mack (a/k/a Lynne L. Mack) prays for a judgment:

1. Declaring that the lien placed by Defendant Maram on Ms. Mack's home was and is invalid.

2. Ordering Defendants Maram and Adams to release any and all claims and/or liens on the proceeds of the sale of Ms. Mack's home that are currently being held in a TI

escrow by ATG, and ordering Defendants Maram and Adams to inform ATG of said release.

3.   Awarding Ms. Mack costs, reasonable attorney's fees, and penalties for unreasonable and vexatious conduct pursuant to 42 U.S.C. §1988 and other provisions of law.

4.   Awarding Ms. Mack such other and further relief as this Court deems just, proper, and necessary.

**DEFENDANT MARAM'S ANSWER TO PRAYER FOR RELIEF**

WHEREFORE, the Defendant Maram respectfully requests that this Court:

A.   Deny all the relief requested in Plaintiff's Prayer for Relief, Paragraphs 1-4;

B.   Enter judgment for Defendant Maram and against Plaintiff;

C.   Award Defendant Maram his costs, including reasonable attorneys' fees; and

D.   Grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:   _/s/John E. Huston_____
JOHN E. HUSTON* #3128039
CHRISTOPHER GANGE #6255970
Assistant Attorneys General
160 N. LaSalle St. Suite N-1000
Chicago, IL  60601
(312) 793-2380

DATED: July 31, 2008

*Corey Wise, a second-year law student at Northwestern University, assisted in the preparation of this Answer.

## <u>CERTIFICATE OF SERVICE</u>

        JOHN E. HUSTON, one of the attorneys of record for Defendant Maram, hereby certifies that he caused a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** to be served by the Court's ECF/electronic mailing system upon the following:

    Steven C. Perlis
    Helen Mesoloras
    Elder Law Offices of Steven C. Perlis & Associates, P.C.
    3345 N. Arlington Heights Road, Suite D
    Arlington Heights, IL 60004

    James A. Lang
    Assistant Attorney General
    100 W. Randolph St., 13th Fl.
    Chicago, IL 60601

                                */s/John E. Huston____*

18